IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. C 11-6166 CW |
|       Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |
|     v. | |
| BILL DAVIS, Individually and dba WEST COAST CIGARS, | [Docket No. 28] |
|       Defendants. | |
| _____/ | |

On June 11, 2012, Plaintiff Joe Hand Promotions, Inc. filed a motion to strike the affirmative defenses asserted by Defendant Bill Davis, individually and doing business as West Coast Cigars. Defendant filed an opposition to Plaintiff's motion on June 25, 2012. The Court takes Plaintiff's motion under submission without oral argument. Having considered the papers filed by the parties and the relevant legal authority, the Court grants Plaintiff's motion in part and denies it in part.

BACKGROUND

On December 8, 2011, Plaintiff Joe Hand Promotions, Inc. filed this action against Defendant Bill Davis, individually and doing business as West Coast Cigars, bringing claims for conversion and for violations of 47 U.S.C. §§ 553 and 605 and California Business and Professions Code section 17200, et seq. Plaintiff filed a first amended complaint (1AC) on February 28, 2012. Plaintiff alleges that it was granted the exclusive nationwide commercial distribution rights to Ultimate Fighting Championship 124: Georges St. Pierre v. Josh Koscheck (the

United States District Court
For the Northern District of California

program), which was telecast nationwide on December 11, 2010.  1AC ¶ 14.  Plaintiff alleges that Defendant Davis unlawfully intercepted and exhibited the program at his commercial establishment, West Coast Cigars.  1AC ¶¶ 11, 17.  Defendant filed a motion to dismiss the 1AC which the Court denied by order entered May 14, 2012.

On May 29, 2012, Defendant filed an answer to the 1AC and a third party complaint against DirecTV, LLC (named as DirecTV, Inc.), asserting fifteen affirmative defenses to Plaintiff's claims:[1] (1) failure to state a claim; (2) no individual liability of defendant; (3) no right to recover; (4) no recovery under both § 553 and § 605; (5) no cable system; (6) damages caused by others; (7) method of valuation; (8) failure to mitigate damages; (9) unjust enrichment; (10) no basis for conversion; (11) defendant was unaware; (12) reservation of defenses; (13) statutes of limitations; (14) failure to state a claim against member of a limited liability company; (15) failure to name an indispensable party.  Docket No. 27.  On June 11, 2012, Plaintiff filed the instant motion to strike all of Defendant's affirmative defenses.  Docket No. 28.  Defendant timely filed an opposition to which Plaintiff filed a reply.  Docket Nos. 30, 31. The matter is now submitted on the papers.

_____

[1] The answer entitles two affirmative defenses as the "Fourteenth Affirmative Defense."  Docket No. 27 at 7.  Defendant concedes that the fifteenth affirmative defense was erroneously entitled "Fourteenth Affirmative Defense."  Docket No. 30 at 17. For clarity, the second "Fourteenth Affirmative Defense" is referred to as the "fifteenth affirmative defense."

United States District Court
For the Northern District of California

LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that, when "responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b).  Rule 12(f) provides that, on its own or on a motion from a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." Barnes v. AT&T Pension Benefit Plan - Nonbargained Program, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, 510 U.S. 517 (1994)).

"The Ninth Circuit has long held that '[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.'" Perez v. Gordon & Wong Law Group, P.C., 2012 WL 1029425, at *6 (N.D. Cal.) (quoting Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979)).  In Wyshak, the Ninth Circuit applied the fair notice pleading standard for complaints governed by Conley v. Gibson, 355 U.S. 41 (1957), to the pleading of affirmative defenses. See Wyshak, 607 F.2d at 827 (citing Conley, 355 U.S. at 47-48). Conley held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46 (footnote omitted). However, the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1    (2009), "departed from <u>Conley</u> and redefined the pleading

2    requirements under Rule 8." <u>Perez</u>, 2012 WL 1029425 at *6.  "Under

3    <u>Twombly</u> and <u>Iqbal</u>, 'the pleading standard Rule 8 announces . . .

4    demands more than an unadorned, the-defendant-unlawfully-harmed-me

5    accusation.'"  <u>Id</u>. (quoting <u>Iqbal</u>, 556 U.S. at 678).  "Rather, 'in

6    order to give the defendant fair notice of what the . . . claim is

7    and the grounds upon which it rests,' <u>Twombly</u>, 550 U.S. at 554–55,

8    'a complaint must contain sufficient factual matter, accepted as

9    true, to state a claim to relief that is plausible on its face,

10   <u>Iqbal</u>, 556 U.S. at 678.'"  <u>Id</u>. (internal quotation marks and

11   citations omitted).

12       Like other judges in this district who have considered the

13   question of what pleading standard applies to affirmative

14   defenses, this Court has recently held that "the heightened

15   pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u> also applies to

16   affirmative defenses." <u>Powertech Tech., Inc. v. Tessera, Inc.</u>,

17   2012 WL 1746848 at *5 (N.D. Cal.).  "'Applying the standard for

18   heightened pleading to affirmative defenses serves a valid purpose

19   in requiring at least some valid factual basis for pleading an

20   affirmative defense and not adding it to the case simply upon some

21   conjecture that it may somehow apply.'" <u>Barnes</u>, 718 F. Supp. 2d

22   at 1171-72 (quoting <u>Hayne v. Green Ford Sales, Inc.</u>, 263 F.R.D.

23   647, 650 (D. Kan. 2009)).  <u>See also</u> <u>Dion v. Fulton Friedman &</u>

24   <u>Gullace LLP</u>, 2012 WL 160221, at *2 (N.D. Cal.); <u>Perez</u>, 2012 WL

25   1029425, at *6; <u>Bottoni v. Sallie Mae, Inc.</u>, 2011 WL 3678878, at

26   *2 (N.D. Cal.); <u>J & J Sports Productions v. Mendoza-Govan</u>, 2011 WL

27   1544886, at *1 (N.D. Cal.).  If a defense is struck, "[i]n the

28

absence of prejudice to the opposing party, leave to amend should
be freely given." <u>Wyshak</u>, 607 F.2d at 826.

DISCUSSION

I.   Motion to Strike All Affirmative Defenses

Plaintiff moves to strike all the affirmative defenses under
the pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u>, requiring a
party to allege a sufficient factual basis to state an affirmative
defense that is "plausible on its face." <u>Barnes</u>, 718 F. Supp. 2d
at 1172.  Under either the heightened <u>Twombly</u> and <u>Iqbal</u> pleading
standard or the less demanding pleading standard underlying
<u>Wyshak</u>, Defendant has adequately plead the fifteenth affirmative
defense for failure to join a necessary party, but has not plead
sufficient defenses in the first through fourteenth affirmative
defenses.

A.   Failure to State a Claim

Defendant's first affirmative defense states, "defendant
alleges that neither the Complaint, nor any purported claim
asserted therein, states facts sufficient to constitute a cause of
action against defendant."  Answer 4:4-7.  Plaintiff argues that
Defendant's first affirmative defense should be stricken, because
failure to state a claim is not a valid affirmative defense.

Some courts in this district have held that "'[f]ailure to
state a claim is not a proper affirmative defense but, rather,
asserts a defect in [the plaintiff's] prima facie case.'" <u>J & J</u>
<u>Sports Productions v. Vizcarra</u>, 2011 WL 4501318, at *3 (N.D. Cal.)
(quoting <u>Mendoza-Govan</u>, 2011 WL 1544886 at *5).  <u>See also</u> <u>Barnes</u>,
718 F. Supp. 2d at 1174; <u>Perez</u>, 2012 WL 1029425 at * 11.  However,
in <u>Valley Community Bank v. Progressive Cas. Ins. Co.</u>, 2011 WL

5

**United States District Court**
For the Northern District of California

1833116, *3 (N.D. Cal.), the court held that "Federal Rule of
Civil Procedure 12(h)(2) provides that failure to state a claim
upon which relief may be granted is a defense that may be raised
in any pleading allowed or ordered under Federal Rule of Civil
Procedure 7(a)," such as an answer.  The court therefore denied
the plaintiff's motion to strike the affirmative defense of
failure to state a claim.

      Rule 12(h), which governs waiving and preserving certain
defenses, states in part as follows:

      Failure to state a claim upon which relief can be
      granted, to join a person required by Rule 19(b), or
      to state a legal defense to a claim may be raised:

      (A) in any pleading allowed or ordered under Rule 7(a);

      (B) by a motion under Rule 12(c); or

      (C) at trial.

Fed. R. Civ. P. 12(h)(2).  Plaintiff recognizes the split of
authority as to whether failure to state a claim is a valid
affirmative defense.  Docket No. 31 (Reply) at 3.  Plaintiff
argues, however, that even if this defense is expressly permitted
by Rule 12(h)(2), the Court has already held that "the
allegations in the First Amended Complaint are sufficient to
satisfy the requirements of Rule 8(a) of the Federal Rules of
Civil Procedure in that they provide Defendant fair notice of
legally cognizable claims and the grounds on which they rest."
The Court denied Defendant's motion to dismiss for failure to
state a claim pursuant to Rule 12(b)(6).  Docket No. 25 (Order
denying motion to dismiss 1AC).  Because the Court's ruling on the
sufficiency of the allegations of the 1AC stands as the law of the

1  case, the motion to strike the first affirmative defense is

2  granted with prejudice.

3      B.   Failure to Join Indispensable Party

4      The fifteenth affirmative defense alleges as follows:

5          Defendant Bill Davis was sued individually and,
           erroneously, as d/b/a West Coast Cigars.  In fact
6          West Coast Cigars is a limited liability company, and
           Bill Davis is a member of the LLC.  Defendant is a
7          member of the LLC, which protects him from individual
           liability, and Plaintiff offers no facts which would
8          deprive Defendant of his protection thereby.

9  Answer 7:8-17 (second "Fourteenth Affirmative Defense").  Failure

10 to join a party required to be joined by Rule 19 is a defense

11 expressly permitted by Rule 12(h)(2).

12     Plaintiff contends that Defendant "makes no effort to explain

13 how West Coast Cigars, LLC" is a necessary or indispensable party.

14 Docket No. 28 at 14.  Defendant has alleged, however, that West

15 Coast Cigars, the commercial establishment where Plaintiff alleges

16 the program was unlawfully intercepted and exhibited, is a limited

17 liability company that is "subject to service of process in

18 California and to the jurisdiction of this court."  Answer 7:15-

19 17.  The Court determines that the allegations set forth in the

20 Answer are sufficient to give Plaintiff fair notice of the factual

21 basis for this affirmative defense under the plausibility standard

22 set forth in Twombly and Iqbal, and under the lesser pleading

23 standard that governed in Wyshak.

24     C.   Defenses That Deny Liability

25     Defendant's second, third, fourth, fifth, seventh, ninth, and

26 tenth affirmative defenses purport to deny liability or negate an

27 element that Plaintiff is required to prove.  Such negative

28 defenses are not properly plead as affirmative defenses, but are

United States District Court
For the Northern District of California

merely denials of the allegations of the 1AC.  Proper
"'[a]ffirmative defenses plead matters extraneous to the
plaintiff's prima facie case, which deny plaintiff's right to
recover, even if the allegations of the complaint are true.'"
J & J Sports Productions v. Gidha, 2012 WL 537494, at *3 (E.D.
Cal.) (quoting Federal Deposit Ins. Co. v. Main Hurdman, 655 F.
Supp. 259, 262 (E.D. Cal. 1987)) (formatting in original).  "In
contrast, denials of the allegations in the Complaint or
allegations that the Plaintiff cannot prove the elements of his
claims are not affirmative defenses."  G & G Closed Circuit
Events, LLC v. Nguyen, 2010 WL 3749284, at *5 (N.D. Cal.)
(quotation marks and citation omitted).

     The second affirmative defense alleges that Defendant "cannot
be held individually liable for actions, if any, of other
individuals without their consent or authorization, and defendant
did not reap any commercial profit from any alleged violations."
Answer 4:8-13.  This defense merely denies liability and is
stricken without leave to amend.

     The third affirmative defense alleges that "plaintiff cannot
recover damages under either the first claim for violation of 47
U.S.C. § 605 and the second claim for violation of 47 U.S.C.
§ 553, on the one hand, and the conversion claim on the other."
Answer 4:16-23.  Defendant contends that this defense to
Plaintiff's right to recover properly challenges the failure to
state a claim, which the Court has already determined in denying
Defendant's Rule 12(b)(6) motion.  To the extent that the third
affirmative defense denies liability under claims plead in the
alternative and requires Plaintiff to elect a remedy, Plaintiff is

United States District Court
For the Northern District of California

entitled in the pleadings to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). This defense is therefore stricken without leave to amend.

Similarly, the fourth affirmative defense alleges that "plaintiff cannot recover damages under both the first claim for violation of 47 U.S.C. § 605 and the second claim for violation of 47 U.S.C. § 553." Answer 4:24-28. While Plaintiff may not recover under both section 553 and section 605 for a single violation, Plaintiff may state claims in the alternative pursuant to Rule 8(d)(3). See J & J Sports Productions v. Manzano, 2008 WL 4542962, at *2 (N.D. Cal.) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception."). This defense is stricken without leave to amend.

The fifth affirmative defense alleges "there was no cable system at the establishment identified in plaintiff[']s Complaint and therefore defendant cannot be liable as a matter of law for violation of 47 U.S.C. § 553." Answer 5:1-7. This defense denies liability under section 553 and is not properly asserted as an affirmative defense.

The seventh affirmative defense alleges that the complaint "seeks excessive damages, which should be constrained by the 'per person' valuation method and capped at $50.00 per person or a similarly modest sum, or denied entirely." Answer 5:17-22. This defense purports to deny liability for the damages sought by Plaintiff and does not state an affirmative defense.

United States District Court
For the Northern District of California

Plaintiff argues that the ninth affirmative defense, which alleges that "Plaintiff would be unjustly enriched by the relief sought in the Complaint," Answer 5:25-26, is insufficiently plead because it makes only a conclusory allegation.  Docket No. 28 at 9.  Defendant argues that the ground for the unjust enrichment defense is that the complaint seeks damages under all theories of liability and that Plaintiff would be unjustly enriched if it were awarded all the damages that it seeks.  Docket No. 30 at 14 ¶ 9. As discussed above, however, Plaintiff is permitted to state claims in the alternative pursuant to Rule 8(d)(3).  Because Defendant does not state a sufficient basis to assert unjust enrichment, the Court strikes Defendant's ninth affirmative defense without leave to amend.

The tenth affirmative defense alleges that "an interest in intangible personal property such as an exclusive license to distribute a broadcast signal is not the proper subject of a claim of conversion under California law."  Answer 6:1-8.  This defense amounts to denial of liability for conversion and does not state an affirmative defense.

The Court grants the motion to strike these defenses without leave to amend because they are not affirmative defenses that must be plead.  The Court's ruling does not preclude Defendant from asserting these allegations as ordinary denials and defenses to liability.

D.   Affirmative Defenses Insufficiently Plead

Defendant's sixth and thirteenth affirmative defenses are stricken because they fail to provide fair notice of the grounds

upon they rest under either the <u>Twombly</u> and <u>Iqbal</u> plausibility standard or the lesser pleading standard that governed <u>Wyshak</u>.

The sixth affirmative defense alleges that "the damages of plaintiff, if any, as alleged were not caused by the answering defendant, but were the result of plaintiff's own actions or breaches, or the acts of third parties over which the answering defendant had no control." Answer 5:10-14. Plaintiff contends that this defense negates the element of causation that Plaintiff would be required to prove and is therefore improperly plead as an affirmative defense. Docket No. 28 at 8. Because Defendant would bear the burden to prove that a superseding act by a third party caused Plaintiff's damages, Defendant may assert this as an affirmative defense but must plead sufficient factual allegations to provide fair notice to Plaintiff. See <u>Nguyen</u>, 2010 WL 3749284 at *2. Defendant alludes to his third-party complaint against DirecTV as the basis for this affirmative defense, Docket No. 30 at 13 ¶ 6, but as currently plead, the sixth affirmative defense does not sufficiently allege who, or what conduct, may have caused Plaintiff's damages. See <u>Mendoza-Govan</u>, 2011 WL 1544886 at *4. Because there is insufficient information about the grounds for this defense, it is insufficiently plead so as to provide fair notice. This defense is therefore stricken with leave to amend.

Plaintiff argues that Defendant's thirteenth affirmative defense, which alleges that Plaintiff's claims are barred by the applicable statute of limitations, should be stricken. As noted above, Plaintiff filed the instant action on December 8, 2011. Plaintiff alleges that the program was broadcast on December 11, 2010. 1AC ¶ 14. Defendant has not alleged that the program was

11

televised on any earlier date. "In evaluating a motion to strike, the court must treat all well-pleaded facts as true." Joe Hand Promotions, Inc. v. Alvarado, 2011 WL 201466, *2 (E.D. Cal.) (in a similar case, accepting as true the date that a program was broadcast for the purposes of evaluating a statute of limitations affirmative defense in a motion to strike, where the defendant had not asserted a different date from the date plead by the plaintiff). The statute of limitations for claims arising under 47 U.S.C. § 605 is one year. DirecTV, Inc. v. Webb, 545 F.3d 837, 847–48 (9th Cir. 2008). The statute of limitations for claims under 47 U.S.C. § 553 is either one, two or three years. See J & J Sports Productions v. Soto, 2010 WL 3911467, at *1 (S.D. Cal.) (citing Nat'l Satellite Sports, Inc. v. Time Warner Ent. Co., 255 F. Supp. 2d 307, 314 (S.D.N.Y. 2003); DirecTV, Inc. v. Johnson, 2004 WL 2011392 at *3 (N.D. Ill.)); Alvarado, 2011 WL 201466 at *2. The statute of limitations for Plaintiff's conversion claim is three years. Cal. Code Civ. Proc. § 338(c). The statute of limitations for violations of the California Business and Professions Code is four years. Cal. Bus. & Prof. Code § 17208. Because Plaintiff initiated its lawsuit less than one year after the alleged broadcast date of the program, the claims are timely on the face of the allegations of the complaint.

Because Defendant has failed to allege an earlier date of broadcast, he has failed to give Plaintiff notice of the grounds for his statute of limitations defense. Accordingly, the Court strikes this affirmative defense. Defendant may amend this affirmative defense only if he can truthfully allege that the program was broadcast on a date before December 11, 2010.

United States District Court
For the Northern District of California

E.   Redundant, Immaterial, or Impertinent Affirmative
     Defenses

Defendant's eighth affirmative defense alleges in a conclusory manner that "plaintiff has failed to mitigate damages." Answer 5:23-24.  Defendant argues that the factual basis for this defense is that Plaintiff's damages, including costs of investigation and filing fees, could have been reduced or eliminated if Plaintiff had joined West Coast Cigars, LLC as an indispensable party, or had "communicated with its customers about the existence of the purported licensing scheme."  Docket No. 30 at 14.  Even if the answer had included these additional allegations, they do not support an affirmative defense to liability.  Mitigation of damages is inapplicable to the types of claims brought by Plaintiff in the instant action and thus this defense is immaterial or impertinent.  See J & J Sports Productions v. Coyne, 2011 WL 227670, at *2 (N.D. Cal.) (striking this defense as irrelevant in a similar broadcast interception case); G & G Closed Circuit Events, LLC v. Nguyen, 2010 WL 3749284, at *5 (N.D. Cal.) (same).

The eleventh affirmative defense, which alleges that "defendant was not aware and had no reason to believe that his acts constituted any violation of law," does not state a valid affirmative defense.  Answer 6:9-12.  This defense essentially asserts "ignorance of the law," which is not a defense to liability.  "'Ignorance of the law will not excuse any person, either civilly or criminally.'"  Mendoza-Govan, 2011 WL 1544886 at *6 (quoting Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1611 (2010)).  Defendant's allegation that he

13

was "not aware" of the law is immaterial to liability and does not state a defense.

Defendant's twelfth affirmative defense "reserves all defenses to be set forth in amended pleadings, and all claims to be set forth in amended pleadings, pending investigation and discovery." Answer 6:15-19. "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendant seeks to add affirmative defenses, she must comply with Rule 15 of the Federal Rules of Civil Procedure." Mendoza-Govan, 2011 WL 1544886 at *7 (quoting Solis v. Zenith Capital, LLC, 2009 WL 1324051, at *7 (N.D. Cal.) (quotation marks omitted)). This defense purporting to reserve future affirmative defenses is therefore redundant and immaterial.

The fourteenth affirmative defense alleges as follows:

> Defendant Bill Davis was sued individually and, erroneously, as d/b/a West Coast Cigars. In fact, West Coast Cigars is a limited liability company, and Bill Davis is a member of the LLC. Defendant is a member of the LLC, which protects him from individual liability, and Plaintiff offers no facts which would deprive Defendant of his protection thereby.

Answer 7:1-6. To the extent this defense is duplicative of the fifteenth affirmative defense of failure to join West Coast Cigars, LLC as a necessary party, the fourteenth affirmative defense is stricken as redundant. To the extent that this defense merely asserts the defense of failure to state a claim, it is duplicative of the first affirmative defense and is stricken in light of the Court's ruling denying Defendant's Rule 12(b)(6) motion.

United States District Court
For the Northern District of California

14

1   Accordingly, the Court strikes the eighth, eleventh, twelfth

2   and fourteenth affirmative defenses without leave to amend.

3                          CONCLUSION

4   For the reasons set forth above, the Court DENIES the motion

5   to strike Defendant's fifteenth affirmative defense; GRANTS

6   Plaintiff's motion to strike without leave to amend as to

7   Defendant's first through fifth, seventh through twelfth, and

8   fourteenth affirmative defenses; and GRANTS the motion to strike

9   Defendant's sixth and thirteenth affirmative defenses with leave

10  to amend.  Defendant may amend the answer only to correct the

11  deficiencies on which he is granted leave to amend, and must file

12  an amended answer within fourteen days of the date of this Order.

13

14  IT IS SO ORDERED.

15

16  Dated: 10/9/2012

17                              CLAUDIA WILKEN
                                United States District Judge

18

19

20

21

22

23

24

25

26

27

28