IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>BILL DAVIS,<br><br>    Defendant. | No. C 11-6166 CW<br><br>AMENDED ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (Docket No. 43) |

Defendant Bill Davis moves for leave to file a third-party complaint against Dish Network L.L.C. pursuant to Federal Rule of Civil Procedure 14(a). Plaintiff Joe Hand Productions, Inc. has not filed an opposition. The Court took the matter under submission on the papers and now grants the motion.

BACKGROUND

Plaintiff brings this action against Defendant for conversion, violations of 47 U.S.C. §§ 553 and 605, and violations of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq. Docket No. 8, First Am. Compl. (1AC) ¶¶ 13-41. Plaintiff alleges that it was granted the exclusive nationwide commercial distribution rights to Ultimate Fighting Championship 124: Georges St. Pierre vs. Josh Koscheck, which was telecast nationwide on December 11, 2010. Id. ¶ 14. Plaintiff further alleges that Defendant unlawfully intercepted the program and showed it at his commercial establishment, West Coast Cigars. Id. ¶¶ 11, 17.

On May 29, 2012, Defendant filed a third-party complaint against DirecTV. Docket No. 27. Three months later, however, he

moved to dismiss the complaint voluntarily against DirecTV after he realized that "the correct third-party defendant should have been identified as Dish Network." Docket No. 37, at 1. The next month, on October 15, 2012, he filed this motion for leave to file a third-party complaint against Dish Network.

## LEGAL STANDARD

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If the defendant does not file the third-party complaint within fourteen days of its original answer, it must first obtain leave from the court to file the complaint. Id.

"The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). In exercising this discretion, the court typically considers several factors, including "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." Green Valley Corp. v. Cado Oil Co., 2011 WL 1465883, at *8 (N.D. Cal.). The court's central purpose in granting leave to implead a third party is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." Southwest Adm'rs, 791 F.2d at 777.

## DISCUSSION

Defendant seeks to implead as third-party defendant his satellite television provider, Dish Network, which he alleges knowingly provided his business with unlawful services. Because he seeks to file a third-party complaint more than fourteen days after filing his answer, Defendant must obtain leave of the court. Fed. R. Civ. P. 14(a).

Defendant's proposed third-party complaint asserts claims of negligent misrepresentation, breach of contract, UCL violations, and negligence against Dish Network. Specifically, he contends that Dish Network wrongfully provided West Coast Cigars with access to the television program that serves as the basis for Plaintiff's lawsuit against him. Because Defendant's motion is both timely and unopposed, the Court finds that the addition of a third-party defendant would not undermine the Court's current schedule or substantially prejudice Plaintiff. Under the current scheduling order, the parties still have six more months to take fact discovery and nearly a full year before trial is set to begin. Docket No. 24, at 1. This timeline provides Plaintiff with ample opportunity to respond to the addition of Dish Network as a party.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for leave to file a third-party complaint (Docket No. 43). Defendant shall file the complaint within one day of this order and serve it on Dish Network within two weeks. In addition, Defendant shall meet and confer with Dish Network as soon as

3

possible, and seek its stipulation to adhere to the schedule set forth in the Court's May 14, 2012 order.

IT IS SO ORDERED.

Dated: 12/4/2012

CLAUDIA WILKEN
United States District Judge