**United States District Court**
For the Northern District of California

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    JOE HAND PROMOTIONS, INC.,                    No. C 11-6166 CW

5              Plaintiff,                          ORDER GRANTING IN
                                                   PART AND DENYING
6         v.                                       IN PART MOTION TO
                                                   DISMISS THIRD-
7    BILL DAVIS,                                   PARTY COMPLAINT
                                                   (Docket No. 54)
8              Defendant.
     _____/

9

10   BILL DAVIS,

11             Third-Party Plaintiff,

12        v.

13   DISH NETWORK, LLC,

14             Third-Party Defendant.
     _____/

15

16        Third-Party Plaintiff Bill Davis brings this action against

17   Third-Party Defendant DISH Network LLC for negligent

18   misrepresentation, breach of contract, negligence, and violations

19   of California's Unfair Competition Law (UCL).  DISH Network moves

20   to dismiss the third-party complaint for failure to state a claim.

21   After considering the parties' papers and oral argument, the Court

22   GRANTS the motion in part and DENIES it in part.

23                            BACKGROUND

24        In February 2012, Plaintiff Joe Hand Promotions, Inc. filed a

25   first amended complaint (FAC) against Davis for violations of 47

26   U.S.C. §§ 553, 605, and the UCL.  Docket No. 8.  The FAC alleges

27   that Davis unlawfully showed a televised fight at the cigar lounge

28

1  he operates, West Coast Cigars, in violation of Joe Hand's

2  exclusive rights to promote the fight.  Id. ¶¶ 13-41.

3       Davis subsequently filed a third-party complaint against DISH

4  Network, the satellite television provider for West Coast Cigars.

5  Docket No. 48, Third-Party Compl. ¶ 8.  His complaint asserts that

6  DISH Network failed to provide his business with lawful television

7  services.  Id. ¶ 10.  Specifically, he claims DISH Network

8  provided West Coast Cigars with a residential service account --

9  rather than a commercial account -- even though, "when the DISH

10 Network L.L.C. personnel came to perform the installation it was

11 obvious that this was a business establishment."  Id. ¶ 8.  Davis

12 alleges that, by relying on DISH Network's implicit promise to

13 provide lawful services, he has "been forced to defend himself and

14 incur significant damages and liabilities to [Joe Hand]."  Id.

15                          LEGAL STANDARD

16      A complaint must contain a "short and plain statement of the

17 claim showing that the pleader is entitled to relief."  Fed. R.

18 Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

19 state a claim, dismissal is appropriate only when the complaint

20 does not give the defendant fair notice of a legally cognizable

21 claim and the grounds on which it rests.  Bell Atl. Corp. v.

22 Twombly, 550 U.S. 544, 555 (2007).  In considering whether the

23 complaint is sufficient to state a claim, the court will take all

24 material allegations as true and construe them in the light most

25 favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d

26 896, 898 (9th Cir. 1986).  However, this principle is inapplicable

27 to legal conclusions; "threadbare recitals of the elements of a

28 cause of action, supported by mere conclusory statements," are not

                                2

**United States District Court**
For the Northern District of California

1   taken as true.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)

2   (citing <u>Twombly</u>, 550 U.S. at 555).

3       When granting a motion to dismiss, the court is generally

4   required to grant the plaintiff leave to amend, even if no request

5   to amend the pleading was made, unless amendment would be futile.

6   <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911

7   F.2d 242, 246-47 (9th Cir. 1990).  In determining whether

8   amendment would be futile, the court examines whether the

9   complaint could be amended to cure the defect requiring dismissal

10  "without contradicting any of the allegations of [the] original

11  complaint."  <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th

12  Cir. 1990).

13                          DISCUSSION

14      Davis has alleged that DISH Network provided his commercial

15  business with a residential service subscription in breach of its

16  service agreement and its promise to provide lawful commercial

17  services.  Although DISH Network argued at the hearing that Davis

18  signed an agreement to purchase residential services, it conceded

19  that it is unable to provide a copy of that agreement.[1]

20  Accordingly, the Court must accept Davis' plausible factual

21  allegations as true.  Those allegations support his claims for

22  negligent misrepresentation, breach of contract, and negligence.

23      They do not, however, support his claim under the UCL, Cal.

24  Bus. & Prof. Code §§ 17200 <u>et seq.</u>, which must be plead with

25  particularity under Federal Rule of Civil Procedure 9(b).  <u>See</u>

26

27      [1] This failure distinguishes the present case from <u>Joe Hand Promotions,
    Inc. v. Campbell</u>, 2011 WL 3439217, *5-*7 (E.D. Cal.), where the third-party

28  defendant provided a copy of the operative service agreement and the agreement
    "expressly contemplate[d] residential service, not commercial service."

Kearns v. Ford Motor Co., 567 F.3d 1120, 1127-28 (9th Cir. 1998). Thus, Davis' UCL claim is dismissed. He may amend his third-party complaint within fourteen days of this order if he can truthfully plead specific details regarding when, how, and by whom DISH Network's alleged misrepresentations were communicated to him, as well as the nature of the false representations.

CONCLUSION

For the reasons set forth above, DISH Network's motion to dismiss (Docket No. 54) is GRANTED in part and DENIED in part. Davis' UCL claim is dismissed with leave to amend; his claims for negligent misrepresentation, breach of contract, and negligence may proceed.

IT IS SO ORDERED.

Dated: 4/4/2013

CLAUDIA WILKEN
United States District Judge